09-5301-ag
Xu v. Holder

BIA
Brennan, IJ
A099 927 183

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:
PIERRE N. LEVAL,
BARRINGTON D. PARKER,
PETER W. HALL,
    *Circuit Judges.*

_____

ZUO GUI XU,
        *Petitioner,*

        v.                                     09-5301-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:        Weishan Wang, Capital Law Group, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zuo Gui Xu, a native and citizen of the People's Republic of China, seeks review of a November 30, 2009, order of the BIA affirming the January 24, 2008, decision of Immigration Judge ("IJ") Noel Brennan denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zuo Gui Xu*, No. A099 927 183 (B.I.A. Nov. 30, 2009), *aff'g* No. A099 927 183 (Immig. Ct. N.Y. City Jan. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**Asylum and Withholding of Removal**

**I.   Past Persecution**

Xu is not *per se* eligible for asylum based on his wife's forced abortion. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). He may qualify for relief by demonstrating that he: (1) engaged in "resistance" to a coercive population control program; and (2) suffered past persecution or has a well-founded fear of future persecution on account of such resistance. *See* 8 U.S.C. § 1101(a)(42). Here, the agency assumed that Xu had engaged in "other resistance" to the family planning policy but found that the unfulfilled threats of sterilization and fines that Xu received, considered in conjunction with the emotional pain he suffered as a result of his wife's abortion, did not rise to the level of persecution. *See Shi Liang Lin*, 494 F.3d at 309; *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006).

2

Although Xu argues that this harm constitutes persecution in the aggregate, there is no indication that the agency failed to consider the cumulative effect of this harm. *Cf. Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). To the contrary, the agency considered this harm and found that because Xu did not indicate that he endured any physical harm or any emotional harm aside from that which he suffered as a result of his wife's abortion, he failed to establish persecution based on his resistance to the family planning policy. *See Shi Liang Lin*, 494 F.3d at 309 (noting that the profound emotional loss an individual may suffer following a spouse's forced abortion does not constitute persecution under the INA); *Gui Ci Pan*, 449 F.3d at 412 (claims based on unfulfilled threats do not establish persecution).

## II. Well-Founded Fear of Sterilization

Contrary to Xu's argument, because the agency determined that Xu did not suffer past persecution, he was not entitled to a presumption that his life or freedom would be threatened in the future if removed to China. *See* 8 C.F.R. § 1208.16(b)(1). Moreover, as the agency found that Xu submitted no evidence indicating that "Chinese authorities sought to arrest, detain, or otherwise punish him in connection with his wife's unauthorized pregnancy," and as he points this Court to no evidence contradicting that finding, substantial evidence supports the agency's finding that he failed to establish a well-founded fear of sterilization based on his "other resistance" to the family planning policy. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam); *Jian Hui Shao*, 546 F.3d at 172. Finally, to the extent Xu argues he established a well-founded fear based on the threats of a fine, he provided no evidence of his income in China, his net worth, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines it was alleged the government would impose. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Because Xu was unable to meet his burden to prove eligibility for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk